Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## UNITED STATES DISTRICT COURT

Southern              for the
_____ District of       Texas

Houston      Division

<table>
<tr><td>

DERAIL GREEN

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

EXPERIAN INFORMATION SOLUTIONS
INC.

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes  ☒ No

</td></tr>
</table>

United States Courts
Southern District of Texas
FILED

*05/05/2025*

Nathan Ochsner, Clerk of Court

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Derail Green |
| Street Address | 5722 Longforest Dr. |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77088 |
| Telephone Number | 832-691-1504 |
| E-mail Address | Grndrerail41@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

   ☒ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 usc 1681 (Fair Credit Reporting Act)

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ .  Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under

        the laws of the State of *(name)* _____, and has its

        principal place of business in the State of *(name)* _____

        Or is incorporated under the laws of *(foreign nation)* _____,

        and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$14,000

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Document Attached (Verified Complaint) With Exhibits

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Document Attached (Verified Complaint) with Exhibits

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

---

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        4/28/25

Signature of Plaintiff

Printed Name of Plaintiff        DERAIL GREEN

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

DERAIL GREEN,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

## VERIFIED COMPLAINT

### I.    Introduction

1. Plaintiff Derail Green brings this action against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., arising from Experian's inaccurate reporting of consumer information and its willful failure to ensure maximum possible accuracy of Plaintiff's consumer report.
2. Plaintiff, having reached the age of majority, has expressed the legal capacity to enter into binding contracts **(Exhibit E)**.
3. Plaintiff seeks, as primary relief, an order requiring immediate deletion or suppression of inaccurate tradelines from his Experian consumer report and exclusion of those tradelines from all credit score calculations, and secondarily seeks statutory, actual, and punitive damages for the harm suffered.

### II. Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action arises under the laws of the United States.

5. Venue is proper under 28 U.S.C. § 1391(b), because Plaintiff resides in this District and Experian conducts substantial business in this District.

### III. Parties

6. Plaintiff Derail Green is a resident of Harris County in the state of Texas.

7. Experian Information Solutions, Inc. is a business entity registered to do business in the state of Texas.

### IV. Statement of Facts

8. On January 17, 2025, Plaintiff submitted a formal complaint to the Consumer Financial Protection Bureau ("CFPB") against Experian, identifying multiple inaccuracies and violations of the Fair Credit Reporting Act ("FCRA"). **(Exhibit A)**.

9. The complaint detailed inaccurate tradelines associated with Hunter Warfield, TXU, Bounce AI, and Elan Financial Services, which were based solely on private transactions or experiences between Plaintiff and the furnishing parties and improperly reported on Plaintiff's consumer report. **(Exhibit B)**.

10. Plaintiff's CFPB complaint expressly alleged violations of 15 U.S.C. § 1681e(b) (failure to assure maximum possible accuracy) and 15 U.S.C. § 1681a(d)(2)(A)(i) (improperly reporting transactions or experiences excluded from the definition of a consumer report) **(Exhibit A)**.

11. Despite receiving notice through the CFPB, Experian continued publishing the inaccurate information on Plaintiff's consumer report. **(Exhibit B)**.

12. Experian failed to properly investigate the disputed information and failed to ensure maximum possible accuracy of Plaintiff's consumer report, in violation of the Federal Credit Reporting Act.

13. Plaintiff has suffered multiple credit denials, financial hardship, reputational injury, and emotional distress, including anxiety, humiliation, and frustration, as a result of Experian's conduct. **(Exhibits C and D)**.

14. The harm suffered by Plaintiff continues daily with each republication of the inaccurate tradelines. Plaintiff is also being deprived of the ability to obtain essential consumer credit necessary for securing housing, transportation, and basic living necessities, causing ongoing irreparable harm not fully compensable by money damages.

15. As a direct result of Experian's inaccurate reporting, Plaintiff was denied rental housing at The Grand at Upper Kirby Apartments. The property management company relied

upon a tenant screening report prepared by RentGrow, Inc., which incorporated information furnished by Experian. **(Exhibit D)**.

16. The adverse action notice issued to Plaintiff explicitly identified Experian as the provider of the credit information used to deny Plaintiff's application. **(Exhibit D)**.

17. Plaintiff reserves the right to supplement this Complaint to reflect updated consumer reports, additional damages, or subsequent adverse actions.

## Damages Sought:

Plaintiff seeks statutory damages under 15 U.S.C. § 1681n in the amount of $1,000 for the initial inaccurate reporting and $1,000 for each month of continued republication after notice of dispute, totaling $14,000 as of filing, with additional $1,000 accruing for each month Experian continues to report the inaccurate tradelines.

## V. Causes of Action

**Count 1: Violation of 15 U.S.C. § 1681e(b):** (Failure to Follow Reasonable Procedures to Assure Accuracy)

18. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

19. Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of the information relating to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

**Count 2: Violation of 15 U.S.C. § 1681a(d)(2)(A)(i):** (Improper Reporting of Transactions and Experiences)

20. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

21. Experian improperly included information excluded from the definition of a consumer report, specifically transactions or experiences between Plaintiff and service providers, in violation of 15 U.S.C. § 1681a(d)(2)(A)(i).

**Count 3: Willful Noncompliance with the FCRA — 15 U.S.C. § 1681n**

22. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

23. Experian's conduct was willful, entitling Plaintiff to statutory damages, actual damages, punitive damages, and recovery of costs under 15 U.S.C. § 1681n.

24. Based on the foregoing, Plaintiff alleges specific facts which, when accepted as true, state a plausible claim for relief under the Fair Credit Reporting Act, sufficient to withstand dismissal under Federal Rule of Civil Procedure 12(b)(6).

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Order Defendant Experian to immediately delete or, alternatively, suppress from Plaintiff's consumer report the tradelines associated with Hunter Warfield, TXU, Bounce AI, and Elan Financial Services, and to exclude any data relating to these tradelines from all credit score calculations involving Plaintiff while this action is pending;

2. Alternatively, if deletion or suppression is not granted, order Defendant Experian to block publication of the disputed tradelines to any third party and to exclude them from all credit score calculations involving Plaintiff while this action is pending;

3. Award statutory damages under 15 U.S.C. § 1681n(a)(1), including $1,000 for the initial inaccurate reporting and $1,000 for each month of continued republication after notice of dispute;

4. Award costs and reasonable fees under 15 U.S.C. § 1681n(a)(3);

5. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Date: April 28, 2025

Derail Green

5722 Longforest Dr.

Houston, Texas 77088

Email: Grnderail41@gmail.com

Phone: 832-671-1504

## **Verification**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2025.

Respectfully submitted,

Derail Green

Exhibit A



**Consumer Financial Protection Bureau**

Start a new complaint

(https://www.consumerfinance.gov/)

# Your complaints

| COMPLAINT ID | PRIMARY CONSUMER | PRODUCT AND ISSUE | CONSUMER-IDENTIFIED COMPANY | SUBMITTED ▼ | STATUS |
|---|---|---|---|---|---|
| 250117-18096271 | Derail Green | **Credit reporting** Incorrect information on your report | TRANSUNION LLC Consumer Dispute Center | 01/17/2025 | **Closed** Company responded |
| 250117-18094595 | Derail Green | **Credit reporting** Incorrect information on your report | Equifax Information Services LLC | 01/17/2025 | **Closed** Company responded |
| 250117-18072638 | Derail Green | **Credit reporting** Incorrect information on your report | Experian credit reporting | 01/17/2025 | **Closed** Company responded |
| 241010-16435493 | Derail Green | **General-purpose credit card or charge card** Getting a | JPMORGAN CHASE & CO. | 10/10/2024 | **Closed** Company responded |

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

## 250117-18072638

 CLOSED

### ✓ Submitted

**STATUS**
Submitted to the CFPB on 1/17/2025

**PRODUCT**
Credit reporting or other personal consumer reports

**ISSUE**
Incorrect information on your report

#### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

The accuracy of the information reported on my credit report is not accurate. The report contains multiple errors, including incorrect names and non-mailable addresses. Additionally, numerous accounts and entries are inaccurate, violating the Fair Credit Reporting Act (FCRA). Specifically, the following provisions have been violated: 1. 15 U.S.C. § 1681e(b): The FCRA requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information included in *consumer reports. The information currently reported on my credit report fails to meet this* standard, as all listed accounts are inaccurate and improperly reported. 2. 15 U.S.C. § 1681a(d)(2)(A)(i): Reports containing information solely related to transactions or experiences between the consumer (myself) and the person making the report are explicitly excluded from the definition of a consumer report under the FCRA. The inclusion of such information on my credit report is improper and constitutes a violation of my rights under this statute. These inaccuracies have led to denial of credit applications and reputational harm, all of which have significantly impacted my financial ability and well-being. The following accounts are inaccurate transactions/communications: - Elan Financial Services - TXU - Bounce AI - Hunter Warfield They have received Opt-out letters for all accounts listed above in compliance with 15 U.S.C. § 6802. Per 15 U.S.C. § 1681n, willful noncompliance with the FCRA carries liability for statutory damages of $1,000 per violation, in addition to actual damages, punitive damages, and reasonable attorney's fees. I am also protected under the Privacy Act of 1974, which reinforces my right to privacy in handling my personal information. The total violations amount to $17,000. Experian failed to ensure the accuracy of the information reported on my consumer report, resulting in one violation of $1,000. Additionally, there are 16 separate monthly instances of inaccurate transaction reporting involving Bounce AI, TXU, Elan Financial Services, and Hunter Warfield. Each instance constitutes a violation of the Fair Credit Reporting Act (FCRA), with an amount of $16,000 in damages for these repeated inaccuracies. Additional Errors: 6 Non-Mailable Addresses reporting. 2 Incorrect Names reporting. The Consumer Financial Protection Bureau (CFPB) is





responsible for enforcing compliance with Federal Consumer Financial Laws, as established in 12 U.S.C. § 5511. Additionally, under 15 U.S.C. § 1681s(b)(1)(H), the CFPB is specifically authorized to enforce compliance with the Fair Credit Reporting Act (FCRA). Under your *enforcement authority, the CFPB ensures Experian complies with the FCRA by investigating* these violations, mandating corrections, and enforcing penalties as appropriate. Your enforcement of these provisions is critical to resolving the harm caused by these inaccuracies and protecting my rights as a consumer.

**ATTACHMENTS**

Experian
letter.pdf.pdf
(67 KB)

BOUNCE AI
OPT OUT
LETTER.pdf.pdf
(52 KB)

TXU OPT OUT
LETTER.pdf.pdf
(46 KB)

IMG_4105.jpeg
(112.5 KB)

IMG_4104.jpeg
(98.1 KB)

HUNTI
WARF
OPT C
LETTE
(51.6 K

View full complaint ⊕

✓ **Sent to company**

**STATUS**

*Sent to company on 1/17/2025*

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

✓ **Company still working**

**STATUS**

Company response is in progress as of 1/20/2025

**The company has responded that it is still working on your issue**

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

( **COMPANY'S INTERIM RESPONSE** )

Thank you for submitting your complaint on January 17, 2025, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We will review your complaint and act accordingly. Once the review is completed a final response will be forwarded to you to view. For additional assistance, you may call the toll-free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box 9701, Allen, TX 75013. For more information regarding your credit and frequently asked questions, you may visit:
http://www.experian.com/blogs/ask-experian. Please note that you may also submit your request or documents supporting your claim electronically at www.experian.com/upload. You may also visit Experian's dispute center by
visitingwww.experian.com/dispute. Thank you for submitting your complaint through the CFPB Complaint Portal. It is our policy to respond to consumer disputes swiftly and to take each one seriously. We appreciate you letting us know about your experience with

Experian. Experian's Official Credit Advice Blog Credit advice with readers' questions answered by Experian's experts. Popular topics from credit reports and scores to life events, id theft and fraud. Experian's Official Credit Advice Blog Credit advice with readers' questions answered by Experian's experts. Popular topics from credit reports and scores to life events, id theft and fraud.

## ✓ Company responded

**STATUS**
*Company responded on 3/18/2025*

**RESPONSE TYPE**
*Closed with explanation*

### Company's Response

Thank you for submitting your complaint on January 17, 2025, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We have reviewed and considered the information you have supplied through the CFPB portal and directly to Experian. You indicate that inaccurate items are in your credit report. You are requesting to have the disputed items corrected or deleted from your report. Per your request to conduct a reinvestigation, we contacted the data furnisher(s) for disputed items on your Experian credit report and asked them to verify the accuracy of the information with which you disagree. They responded and verified that the remaining disputed information was accurate as reported. Other aspects of the disputed item(s) may have also been updated by the data furnisher(s). The results summary was sent to you for review. According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, such as a court or other government office, notifying them of the disputed information and disclosing all relevant information regarding the consumer's dispute. In order to help resolve the consumer's dispute, Experian will review all relevant documents submitted by the consumer with the dispute and will forward such documents to the furnisher if Experian is unable to resolve the issue based on those documents. Consumers may also contact creditors directly to dispute items reported by the creditor. If the issue is not resolved, then the consumer credit reporting agency must offer to include a consumer statement on the personal credit report. Please note that there is nothing a credit repair company can do for you, including removing inaccurate credit information that you can't do for yourself for free. We believe it is important to supply you with information about specific credit repair laws. The Credit Repair Organization Act, a federal law, prohibits credit repair companies from taking consumer's money until they have fully completed the services they promised. It also requires such firms to provide consumers with a written contract stating all the services to be provided and the terms and conditions of payment. Under this law, consumers also have three days to withdraw from the contract. Please contact your local Attorney General's office for further information regarding your specific state laws. In addition, for more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian. For additional assistance, you write to Experian at P.O. Box 9701, Allen, TX 75013 or by our document upload service: experian.com/upload. For more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian. Thank you for submitting your complaint through the CFPB Complaint Portal. It is our policy to respond to consumer complaints swiftly and to take each complaint seriously. We appreciate you letting us know about your experiences with Experian.

## 🕐 Feedback requested

**STATUS**
Feedback requested on 3/18/2025

**FEEDBACK DUE**
5/17/2025

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

**Submit your feedback**

*Exhibit B*

Prepared For

**DERAIL GREEN**

**Personal & Confidential**

**Date Generated**   Apr 27, 2025

**Report Number** ▬▬▬▬▬▬

## At a Glance   6 Accounts        0 Public Records        2 Hard Inquiries

## Personal Information

| 3 Names | 3 Addresses | 0 Employers | 2 Other Records |

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

## Names

**DERAIL J GREEN**        **DERAIL GREEN**        **DERAIL JARVIS GREEN**

        

## Addresses

Address ID ▬▬▬▬



## 💲 Payment History

|      | J   | F   | M   | A   | M   | J   | J   | A   | S   | O   | N   | D   |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2018 | CLS | —   | —   | —   | —   | —   | —   | —   | —   | —   | —   | —   |
| 2017 | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2016 | —   | —   | —   | —   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |

✓ Current / Terms met    CLS Closed

This account is scheduled to continue on record until Jan 2028.

## ✉ Contact Info

| Address      | PO BOX 982238,<br>EL PASO TX 79998 |
|--------------|------------------------------------|
| Phone Number | (800) 421-2110                     |

## 📝 Comment

**Current:**

Account closed at consumer's request.

**Previous:**

None

**BOUNCE AI INC**

**POTENTIALLY NEGATIVE**

## Account Info

| Account Name    | BOUNCE AI INC                                  |
|-----------------|------------------------------------------------|
| Account Number  | BA1914XXXXXX                                    |
| Account Type    | Collection                                     |
| Responsibility  | Individual                                     |
| Date Opened     | 09/06/2024                                     |
| Status          | Collection account. $500 past due as of Mar 2025. |
| Status Updated  | Sep 2024                                       |
| Balance         | $500                                           |
| Balance Updated | 03/31/2025                                     |

| | |
|---|---|
| Monthly Payment | - |
| Original Balance | **$500** |
| Highest Balance | - |
| Terms | **1 Month** |
| On Record Until | **Feb 2031** |

### $ Payment History



| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2025** | C | C | C | — | — | — | — | — | — | — | — | — |
| **2024** | — | — | — | — | — | — | — | — | — | — | — | C |

C    Collection

**Payment history guide**

Collection as of Mar 2025 to Dec 2024

This account is scheduled to continue on record until Feb 2031.

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **Feb 2025** | **$500** | **$0** | **$0** |
| **Jan 2025** | **$500** | **$0** | **$0** |
| **Dec 2024** | **$500** | **$0** | **$0** |

### Additional info

The original amount of this account was $500

### Historical Info

| | |
|---|---|
| Original Creditor | **JETTY NATIONAL INC** |

### Contact Info

| | |
|---|---|
| Address | **333 METRO PARK STE S205, ROCHESTER NY 14623** |
| Phone Number | **(888) 482-5060** |

## Comment

**Current:**

Account information disputed by consumer (Meets requirement
of the Fair Credit Reporting Act).

**Previous:**

Account information disputed by consumer (Meets requirement
of the Fair Credit Reporting Act).

Jan 2025 to Feb 2025



## Reinvestigation Info

This item remained unchanged from our processing of your
dispute in Jan 2025.



**ELAN FINL SVCS**

POTENTIALLY NEGATIVE

## Account Info

| | |
|---|---|
| Account Name | **ELAN FINL SVCS** |
| Account Number | **403766XXXXXXXXXX** |
| Account Type | **Credit card** |
| Responsibility | **Individual** |
| *Date Opened* | ***06/01/2017*** |
| Status | **Account charged off. $4,873 written off. $5,919 past due as of Mar 2025.** |
| Status Updated | **June 2024** |
| Balance | **$5,919** |
| Balance Updated | **03/31/2025** |
| Recent Payment | **-** |
| Monthly Payment | **-** |
| Credit Limit | **$5,000** |
| Highest Balance | **$5,919** |
| Terms | **-** |
| On Record Until | **Aug 2030** |

## Payment History

|      | J  | F  | M  | A   | M   | J  | J  | A  | S  | O  | N  | D  |
|------|----|----|----|-----|-----|----|----|----|----|----|----|----|
| 2025 | CO | CO | CO | —   | —   | —  | —  | —  | —  | —  | —  | —  |
| 2024 | 60 | 90 | 120| 150 | ND  | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✓  | ✓  | ✓  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | 30 |
| 2022 | ✓  | ✓  | ✓  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2021 | ✓  | ✓  | ✓  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2020 | ✓  | ✓  | ✓  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2019 | ✓  | ✓  | ✓  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2018 | —  | —  | —  | ✓   | ✓   | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |

| ✓   | Current / Terms met | 30  | Past due 30 days          |
|-----|---------------------|-----|---------------------------|
| 60  | Past due 60 days    | 90  | Past due 90 days          |
| 120 | Past due 120 days   | 150 | Past due 150 days         |
| CO  | Charge off          | ND  | No data for this period   |

**Payment history guide**

Charge Off as of Mar 2025 to Jun 2024

150 days past due as of Apr 2024

120 days past due as of Mar 2024

90 days past due as of Feb 2024

60 days past due as of Jan 2024

30 days past due as of Dec 2023

This account is scheduled to continue on record until Aug 2030.

 **Balance Histories**

| Date     | Balance | Scheduled Payment | Paid                |
|----------|---------|-------------------|---------------------|
| Feb 2025 | $5,919  | $0                | $0 on 10/23/2023    |
| Jan 2025 | $5,919  | $0                | $0 on 10/23/2023    |
| Dec 2024 | $5,919  | $0                | $0 on 10/23/2023    |
| Nov 2024 | $5,919  | $0                | $0 on 10/23/2023    |
| Oct 2024 | $5,919  | $0                | $0 on 10/23/2023    |
| Sep 2024 | $5,919  | $0                | $0 on 10/23/2023    |
| Aug 2024 | $5,919  | $0                | $0 on 10/23/2023    |

 **Reinvestigation Info**

This item remained unchanged from our processing of your
dispute in Jan 2025.



**HUNTER WARFIELD**
*POTENTIALLY NEGATIVE*

 **Account Info**

| | |
|---|---|
| Account Name | **HUNTER WARFIELD** |
| Account Number | **975507X** |
| Account Type | **Collection** |
| Responsibility | **Joint with JEAN R PACK** |
| Date Opened | **08/28/2024** |
| Status | **Collection account. $4,472 past due as of Apr 2025.** |
| Status Updated | **Aug 2024** |
| Balance | **$4,472** |
| Balance Updated | **04/22/2025** |
| Recent Payment | **-** |
| Monthly Payment | **-** |
| Original Balance | **$4,442** |
| Highest Balance | **-** |
| Terms | **1 Month** |
| On Record Until | **Dec 2030** |

$ **Payment History**



|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | C | C | C | C | — | — | — | — | — | — | — | — |
| 2024 | — | — | — | — | — | — | — | — | — | — | — | C |

C    Collection

**Payment history guide**

Collection as of Apr 2025 to Dec 2024

This account is scheduled to continue on record until Dec 2030

Between Apr 2023 and Mar 2025, your credit limit/high balance was $14,500

 **Contact Info**

| Address | PO BOX 15369, WILMINGTON DE 19850 |
|---|---|
| Phone Number | (800) 945-2000 |



**TXU ENERGY**
**POTENTIALLY NEGATIVE**

 **Account Info**

| Account Name | TXU ENERGY |
|---|---|
| Account Number | 900058XXXXXXXXXX |
| Account Type | Utility |
| Responsibility | Individual |
| Date Opened | 04/21/2023 |
| Status | Account charged off. $413 written off. $413 past due as of Jan 2025. |
| Status Updated | Jul 2024 |
| Balance | $413 |
| Balance Updated | 01/23/2025 |
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $413 |
| Highest Balance | - |
| Terms | 1 Month |
| On Record Until | Dec 2030 |

$ **Payment History**

|  | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | — | — | — | — | — | — | — | — | — | — | — |
| 2024 | — | — | — | — | — | — | CO | ND | ND | ND | ND | ND |

CO   Charge off            ND   No data for this period

**Payment history guide**

Charge Off as of Jan 2025, Jul 2024

*Exhibit C*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

DERAIL GREEN,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

---

## DECLARATION OF DERAIL GREEN IN SUPPORT OF VERIFIED COMPLAINT

---

I, Derail Green, declare under penalty of perjury as follows:

1. Plaintiff is over the age of eighteen and fully competent to make this Declaration. The facts stated herein are based on personal knowledge.

2. On January 17, 2025, Plaintiff submitted a formal complaint to the Consumer Financial Protection Bureau ("CFPB") against Experian Information Solutions, Inc. ("Experian") identifying inaccuracies and violations of the Fair Credit Reporting Act ("FCRA") related to Plaintiff's Experian consumer report.

3. In the CFPB complaint, Plaintiff challenged the accuracy and improper inclusion of multiple tradelines appearing on Plaintiff's Experian consumer report, which were inaccurate, or improperly included based solely on transactions or experiences between Plaintiff and the furnishing parties. These tradelines included accounts associated with **Hunter Warfield, TXU, Bounce AI, and Elan Financial Services**.

4. Despite receiving notice of the dispute through the CFPB, Experian continued to report the inaccurate tradelines on Plaintiffs consumer report without correction.

5. As a direct result of Experian's inaccurate reporting, Plaintiff was denied rental housing at The Grand at Upper Kirby Apartments. The property management company relied on a tenant screening report prepared by RentGrow, Inc., which incorporated information furnished by Experian. The adverse action notice Plaintiff received explicitly identified Experian as the provider of the credit information used in the decision.

6. The denial of housing caused Plaintiff severe emotional distress, including anxiety, fear, humiliation, frustration, and loss of sleep. The uncertainty and instability caused by Experian's inaccurate reporting created severe disruption to Plaintiff's housing stability, financial access, and daily living needs.

7. Plaintiff has also suffered reputational harm, as the false tradelines inaccurately portrayed Plaintiff as financially unreliable to third parties reviewing Plaintiff's consumer report.

8. The inaccurate information continues to appear on Plaintiff's Experian consumer report and is republished monthly to third parties accessing the file, causing ongoing emotional harm, financial hardship, and reputational damage.

9. Plaintiff has incurred additional costs as a result of Experian's conduct, including application fees for alternative housing, transportation expenses, and related financial losses associated with the denial of credit opportunities and the continued inaccurate reporting of tradelines on Plaintiff's consumer report.

10. The harm caused by Experian is continuing and irreparable without immediate judicial intervention. Immediate deletion or suppression of the inaccurate tradelines, and exclusion of any related data from credit score calculations, is necessary to protect Plaintiff's legal right to fair access to credit, and to prevent further harm to Plaintiff's credit standing, financial opportunities, and emotional well-being.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  _April 28_____, 2025.

Respectfully submitted,

Derail Green

 Exhibit D

The Grand at Upper Kirby
4100 Southwest Frwy
Houston TX 77027

APR 10, 2025

Derail Jarvis Green
5610 Cedar hill LN
Houston TX 77016

Dear Derail Jarvis Green,

Thank you for your recent rental application. You authorized us to obtain a tenant screening report containing credit and other information about you to help us evaluate whether you meet the rental criteria for the property where you applied. If a copy of our screening criteria was not already provided to you, please contact the property for this information.

Your rental application was declined because you **or** the group you applied with did not meet the property's minimum rental requirements. For privacy reasons, this letter only discloses your individual results to you. If you applied as part of a group, this letter does not include the individual results for any other member of your group.

Your individual result was affected by:

    *Rental History Does Not Meet Property Requirements
    *Collection from Apartment Community
    *High level of Charge-offs
    *Minor level of late credit payments

**Note:** If you applied with a group and your individual result is **not** listed above, it means your individual information was **not** a negative factor in the group decision.

Because your individual or group application was declined, we are required by the Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq. to provide you with this adverse action letter.

Although we are solely responsible for our rental decision, it was based in whole or in part on information contained in a tenant screening report provided to us by:

**RentGrow, Inc.**
68 Harrison Avenue, Suite 605 #74213
Boston, MA 02111-1929
(800) 898-1351
http://www.rentgrow.com

Because we made the decision about your rental application, RentGrow cannot address the specific reasons for our decision. However, you can contact RentGrow directly to get a copy of your tenant screening report. If you applied as part of a group, please note that RentGrow will not share your tenant screening report with any other group member and will not share any other group member's screening report with you. You also have the right to:

    * Obtain a free copy of your tenant screening report from RentGrow by contacting them directly within 60 days of receipt of this notice.

    * Contact RentGrow directly to initiate a dispute of any information in your tenant screening report you believe is inaccurate or incomplete.



* Obtain a free copy of your credit report <u>directly from Experian, which provided it to RentGrow,</u> if you request it from the credit bureau within 60 days from the date of this notice. The credit bureau's contact information is listed on your tenant screening report and is also readily available on-line.

You may also have additional rights under the credit reporting or consumer protection laws in your state. For more information, please contact your state or local consumer protection agency or state attorney general's office.

<u>CREDIT SCORE DISCLOSURE</u>

If your tenant screening report includes a VantageScore® or FICO® credit score, our decision may also have been based in whole or in part on that score. Your credit score is a number between 300 and 850 and is a reflection of the information in your credit report and can change depending on how the information in your credit report changes. RentGrow plays no role in how your credit score is determined.

* Your credit score: Not applicable
* Date of your credit score: Not applicable
* Source of your credit score: Not applicable
* Key factors that adversely affected your credit score: Not applicable

Thank you.

Exhibit E

## Durable Power of Attorney

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, SUBTITLE P, TITLE 2, ESTATES CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF, THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;

(2) your agent resigns or is unable to act for you; or

(3) a guardian is appointed for your estate.

I, DERAIL GREEN, residing at 5722 Longforest Dr. Houston, Texas 77088, hereby appoint Green Derail J of 5722 Longforest Dr. Houston, Texas 77088, as my attorney-in- fact ("Agent") to exercise the powers and discretions described below.

- Real property transactions
- Tangible personal property transactions
- Stock and bond transactions
- Commodity and option transactions
- Banking and other financial institution transactions
- Business operating transactions
- Insurance and annuity transactions
- Estate, trust, and other beneficiary transactions
- Claims and litigation
- Personal and family maintenance
- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service
- Retirement plan transactions
- Tax matters
- Digital assets and the content of an electronic communication

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

**SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION:** My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

### GRANT OF SPECIFIC AUTHORITY

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death.
Consultation with an attorney is recommended before granting any of these specific powers).

In addition to the above powers, my agent will have the authority to:

- Create, amend, revoke, or terminate an inter vivos trust
- Make a gift, subject to the limitations of Section 751.032 of the Durable Power of Attorney Act (Section 751.302, Estates Code) and any special instructions in this power of attorney
- Create or change rights of survivorship
- Create or change a beneficiary designation
- Authorize another person to exercise the authority granted under this power of attorney.

### SPECIAL INSTRUCTIONS:

The powers granted to my Agent are limited and/or expanded by the following special instructions:

All acts beneficial to Principal

THIS POWER OF ATTORNEY IS NOT AFFECTED BY MY SUBSEQUENT DISABILITY OR INCAPACITY.

I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

*E*

This power of attorney continues until I revoke it or it is terminated by my death or other event described in Subtitle P, Title 2 of the Texas Estates Code.

I agree that any third party who receives a copy of this document may act under it. Termination of this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Texas law.

Dated _Aug 21, 2024_ at Houston, Texas.


DERAIL GREEN


SIGNATURE PAGE


STATE OF TEXAS,
COUNTY OF HARRIS, ss:


This document was acknowledged before me on _August 21, 2024_ (date) by DERAIL GREEN (name of principal).


(signature of notarial officer)

ELIUD MUNOZ
Notary ID #133872255
My Commission Expires
July 22, 2026

_Eliud Munoz_
(printed name)

My commission expires _July 22, 2026_

## IMPORTANT INFORMATION FOR AGENT

**Agent's Duties**
When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes on you legal duties that continue until you resign or the power of attorney is terminated, suspended or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

(1) act in good faith;

(2) do nothing beyond the authority granted in this power of attorney;

(3) act loyally for the principal's benefit;

(4) avoid conflicts that would impair your ability to act in the principal's best interest; and

(5) disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as
"Agent" in the following manner:

(Principal's Name) by (Your Signature as Agent)

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

(1) maintain records of each action taken or decision made on behalf of the principal;

(2) maintain all records until delivered to the principal, released by the principal, or discharged by a court; and

(3) if requested by the principal, provide an accounting to the principal that, unless otherwise directed by the principal or otherwise provided in the Special Instructions, must include:

 (A) the property belonging to the principal that has come to your knowledge or into your possession;

(B) each action taken or decision made by you as agent;

(C) a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

(D) a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;

(E) the cash balance on hand and the name and location of the depository at which the cash balance is kept;

(F) each known liability;

(G) any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and

(H) all documentation regarding the principal's property.

**Termination of Agent's Authority**
You must stop acting on behalf of the principal if you learn of any event that terminates or suspends this power of attorney or your authority under this power of attorney. An event that terminates this power of attorney or your authority to act under this power of attorney includes:

(1) the principal's death;

(2) the principal's revocation of this power of attorney or your authority;

(3) the occurrence of a termination event stated in this power of attorney;

(4) if you are married to the principal, the dissolution of your marriage by a court decree of divorce or annulment or declaration that your marriage is void, unless otherwise provided in this power of attorney;

(5) the appointment and qualification of a permanent guardian of the principal's estate unless a court orders otherwise; or

(6) if ordered by a court, your removal as agent (attorney in fact) under this power of attorney. An event that suspends this power of attorney or your authority to act under this power of attorney is the appointment and qualification of a temporary guardian unless a court order provides otherwise.

**The Liability of Agent**
The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code). If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for damages caused by the violation or



subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.