Case 4:25-cv-02159   Document 24   Filed on 06/20/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERAIL GREEN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-02159 |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | |
|    *Defendant*. | § | |

# **MEMORANDUM AND RECOMMENDATION**

Before the Court is Plaintiff Derail Green's Emergency Motion for Preliminary Injunction.[1] ECF 10. Defendant has responded. ECF 16. After reviewing the Motion, the Response, and the applicable law, the Court RECOMMENDS Plaintiff's Motion be DENIED.

## I.   **Factual and Procedural Background.**

Plaintiff filed his Original Complaint on May 5, 2025 asserting a claim against Experian Information Solutions, Inc. (Experian) pursuant to the Fair Credit Reporting Act. ECF 1 at 2. Prior to service and appearance by Experian, Plaintiff filed an Emergency Motion for Preliminary Injunction. ECF 10. Plaintiff alleges

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 12.

that due to multiple inaccurate entries on his credit report he has been denied credit and housing. ECF 1 at 6-7. He requests that the Court:

> 1. Order Defendant Experian to immediately delete the disputed tradelines, or in the alternative, to block their publication of the tradelines associated with Hunter Warfield, TXU, Bounce AI, and Blan Financial Services, and to exclude any data relating to these tradelines from all credit score calculations involving Plaintiff while this action is pending;
>
> 2. Alternatively, if deletion or blocking publication is not granted, order Defendant Experian to suppress the disputed tradelines from Plaintiff's consumer report and from all credit score calculations involving Plaintiff while this action is pending.

ECF 10 at 3.

## II.    Legal Standards.

"The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)). A plaintiff is entitled to the "extraordinary remedy" of a preliminary injunction only if he demonstrates: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

A court must deny a preliminary injunction if "the movant has failed sufficiently to establish *any one* of the four criteria." *Anibowei v. Morgan*, 70 F.4th 898, 905 (5th Cir. 2023) (emphasis in original, citation omitted). A plaintiff is not required to meet a summary-judgment-level burden to obtain a preliminary injunction. *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). However, Plaintiff must do more than allege facts that state a plausible claim for relief, as is required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) to survive motion to dismiss. Plaintiff must establish a *likelihood* of success on the merits, which the Court must assess by looking to "standards provided by the substantive law." *Janvey*, 647 F.3d at 596.

A district court's ultimate decision to grant or deny a motion for preliminary injunction is reviewed for abuse of discretion and will only be reversed in "extraordinary circumstances." *Moore v. Brown*, 868 F.3d 398, 403 (5th Cir. 2017). A district court's findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo. *Id.* The Fifth Circuit upholds factual findings by the district court "that are plausible in light of the record as a whole." *Id.*

### III. Analysis.

Plaintiff is not entitled to a preliminary injunction for at least two reasons. First, "private parties such as [Green] cannot recover injunctive relief under the

FCRA. *Gardner v. Credit Corp Sols., Inc.*, No. 4:24-CV-00296-O-BP, 2024 WL 4820229, at *5 (N.D. Tex. Oct. 30, 2024), *report and recommendation adopted*, No. 4:24-CV-00296-O-BP, 2024 WL 4821474 (N.D. Tex. Nov. 18, 2024) (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000)).

Second, even if injunctive relief were available, Plaintiff fails to establish a likelihood of success on the merits. Plaintiff's Complaint asserts that Experian has violated 28 U.S.C §§ 1681e(b) and 1681a(d)(2)(A)(i). ECF 1 at 6, ¶9. Section1681a(d)(2)(A)(i) merely defines "credit report" to exclude a "report containing information solely as to transactions or experiences between the consumer and the person making the report," it does not impose any duty on a credit reporting agency such as Experian. Therefore, the substantive law applicable to the Court's determination of the likelihood of Plaintiff's success is § 1681(e)(b), which provides:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

To succeed on a claim under § 1681e(b), Plaintiff must prove four elements: (1) Experian prepared a consumer report concerning him that contained inaccurate information; (2) the inaccuracy was due to Experian's "failure to follow reasonable procedures to assure maximum possible accuracy"; (3) he has "suffered a cognizable injury"; and (4) his injury was caused by Experian's failure. *Grant v. RentGrow,*

4

*Inc.*, No. SA-21-CV-1172-JKP, 2023 WL 5813140, at *5 (W.D. Tex. Sept. 6, 2023) (citations omitted).

    Plaintiff has not met his burden. The record includes evidence that Plaintiff submitted a complaint about Experian to the CFPB on January 17, 2025. *Id.* at 10. The CFPB forwarded the complaint to Experian, which responded on March 18, 2025. *Id.* at 13. Experian confirmed that it contacted the data furnishers regarding the disputed items and the furnishers verified the accuracy of the report. *Id.* at 13. Plaintiff has submitted to the Court only vague, ambiguous, and conclusory assertions regarding certain information reported by Experian. *See* ECF 10 at 15-16 (Green Declaration). There is nothing in the record to support Plaintiff's allegations that "multiple inaccurate tradelines" regarding "private experiences or transactions," namely—Hunter Warfield, TXU, Bounce AI, and Elan Financial Services—are factually incorrect or improperly reported. ECF 1 ¶9; ECF 10 at 2. Plaintiff's allegation that Experian failed to investigate Plaintiff's complaint after being notified by the CFPB is contrary to his own evidence. ECF 1 ¶2; ECF 1 at 13.

    Finally, the record is insufficient to show that Experian's alleged failures caused his injury. ECF 1 ¶ 13. Exhibit A to Plaintiff's Complaint establishes that Plaintiff submitted to the CFPB three other complaints regarding three other entities on January 17, 2025. ECF 1 at 10. The letter Plaintiff submitted as evidence of his injury is dated April 10, 2025 and is based on information provided by RentGrow,

Inc. ECF 1 at 23. The letter states that Plaintiff did not meet the property's minimum rental requirements due to his rental history, collection actions from Apartment Community, a high level of charge offs, and a minor level of late credit payments. *Id.* Although Experian provided Plaintiff's credit report to RentGrow, nothing in the record establishes that Plaintiff's rental application was declined due to the five disputed items on his Experian credit report that are at issue in this case.

Because Plaintiff cannot meet his burden to establish a likelihood of success on the merits of his claim, the Court does not address the other three elements he must establish to obtain a preliminary injunction. *Hoffman v. Westcott*, 131 F.4th 332, 335 (5th Cir. 2025) (holding that in the absence of likelihood of success on the merits it is not necessary to address the other three prongs of the test for granting preliminary injunctions).

## IV.  Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Emergency Motion for Preliminary Injunction (ECF 10) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 20, 2025, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge